Not Reported in F.Supp.2d, 2008 WL 4371371 (N.D.Miss.)
**(Cite as: 2008 WL 4371371 (N.D.Miss.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Mississippi,
Western Division.
Janet M. SAMPLES, individually, and on behalf of the wrongful death heirs of Izma E. McDonald and on behalf of the beneficiaries of the estate of Izma E. McDonald, Plaintiff
v.
VANGUARD HEALTHCARE, LLC, Vanguard of Ashland, d/b/a Briarcrest Extended Care, et al., Defendants.
**Civil Action No. 3:07-CV-157-SA.**

Sept. 18, 2008.

West KeySummary
**Federal Courts 170B ⚖ 82**

170B Federal Courts
    170BII Venue
        170BII(A) In General
            170Bk77 Corporations, Actions by or Against
                170Bk82 k. Agent within district; parent and subsidiary. Most Cited Cases
Representative of a nursing home patient failed to meet the prima facie burden of establishing sufficient dominion by the parent company over the subsidiary, as required to obtain personal jurisdiction over the parent company in Mississippi in a wrongful death suit alleging negligence concerning the health care and treatment of the patient while she resided in a nursing home owned by the subsidiary. Although the subsidiary was wholly owned by the parent company, the two companies had meticulously observed corporate formalities in that they had not commingled funds, pooled insurance coverage, shared financial books and records, or bank accounts. Moreover, the parent company did not pay any of the subsidiary's expenses or losses and had not made any loans to the subsidiary.

Durwood Earnest McGuffee, Stewart & McGuffee Law Firm, PLLC, James A. Stewart, Andy Stewart, Attorney, Brandon, MS, for Plaintiff.

Bradley C. Moody, William Davis Frye, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Defendants.

*MEMORANDUM OPINION*

SHARION AYCOCK, District Judge.

**\*1** Presently before the Court is Vanguard Healthcare, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [32]. After reviewing the motion, responses, pertinent law and authorities, the Court finds the following:

The Plaintiff filed this lawsuit alleging negligence concerning the health care and treatment of Izma McDonald while she was a resident of Vanguard of Ashland, d/b/a Briarcrest Extended Care, from 2002 to 2005. Vanguard Healthcare, LLC, filed this Motion to Dismiss for lack of personal jurisdiction asserting that as it has never purposefully availed itself of the laws and privileges of Mississippi, this Court lacks personal jurisdiction over it.

When a district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff must only make a prima facie case that jurisdiction is proper. *Quick Techs., Inc. v. Sage Group, PLC,* 313 F.3d 338, 343 (5th Cir.2002). In determining whether a prima facie case for personal jurisdiction exists, a Court must accept the uncontroverted allegations in the plaintiff's complaint as true, and all factual conflicts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990).

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed a state court under applicable state law. *Allred v. Moore & Peterson,* 117 F.3d 278, 281 (5th Cir.1997), *cert. denied,* 522 U.S. 1048, 118 S.Ct. 691, 139 L.Ed.2d 637 (1998). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4371371 (N.D.Miss.)
**(Cite as: 2008 WL 4371371 (N.D.Miss.))**

fourteenth amendment to the United States Constitution." *Allred,* 117 F.3d at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989)). However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendants, we need not consider the due process issue. *Cycles,* 889 F.2d at 616.

Mississippi's long-arm statute provides:

> Any nonresident ... corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13-3-57. Thus, in order to exercise jurisdiction over the defendants, the court must find that (1) the defendants entered into a contract with plaintiff to be performed in whole or in part in Mississippi; or (2) the defendants committed a tort, in whole or in part, against a plaintiff in Mississippi; or (3) the defendants were "doing business" in Mississippi. *See Roxco, Ltd. v. Harris Specialty Chem., Inc.,* 133 F.Supp.2d 911, 915 (S.D.Miss.2000).

*2 Plaintiff is not arguing that Vanguard Healthcare has any direct contacts with Mississippi. Plaintiff contends that Vanguard Healthcare is the "alter ego" of Vanguard of Ashland; thus, any tort committed by Vanguard of Ashland in Mississippi is imputed to Vanguard Healthcare giving this Court personal jurisdiction over that defendant. Therefore, in order to sustain jurisdiction, Plaintiff is required to show that Vanguard of Ashland's activities in Mississippi would subject it to the reach of the Mississippi long-arm statute and that Vanguard of Ashland's activities may properly be imputed to Vanguard Healthcare. The parties do not dispute that Vanguard of Ashland is subject to jurisdiction in Mississippi. Thus, the court will focus on the relationship between Vanguard of Ashland and Vanguard Healthcare.

"Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir.1999) (citations omitted). However, the "presumption of corporate separateness ... may be overcome by clear evidence ... of one corporation asserting sufficient control to make the other its agent or alter ego." *Id.* "[T]he burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory." *Id.*

"Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir.1983). Moreover, "the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Id.* It has been recognized, however, that in some circumstances, a close relationship between a parent and its subsidiary may justify a finding that the parent does business in a jurisdiction through the local activities of its subsidiaries. *Id* . (citing *Walker v. Newgent,* 583 F.2d 163, 167 (5th Cir.1978); *Prod. Promotions, Inc. v. Cousteau,* 495 F.2d 483, 492 (5th Cir.1974); *Turner v. Jack Tar Grand Bahama, Ltd.,* 353 F.2d 954, 956 (5th Cir.1965)). The Fifth Circuit explained:

> The rationale for such an exercise of jurisdiction is that the parent corporation exerts such domination and control over its subsidiary that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction.

*Id.* (internal quotations omitted).

The Supreme Court broached this very subject and affirmed a district court's dismissal of the parent corporation for lack of personal jurisdiction, holding:

> Through ownership of the entire capital stock and otherwise, the defendant dominates the Alabama corporation, immediately and completely, and exerts its control both commercially and financially in substantially the same way, and mainly through the same individuals ... The existence of the Alabama company as a distinct corporate entity is,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4371371 (N.D.Miss.)
**(Cite as: 2008 WL 4371371 (N.D.Miss.))**

however, in all respects observed. Its books are kept separate. All transactions between the two corporations are represented by appropriate entries in their respective books in the same way as if the two were wholly independent corporations.

**\*3** *Cannon Manu. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 335, 45 S.Ct. 250, 69 L.Ed. 634 (1925). The Court further added that "the corporate separation, though perhaps merely formal, was real. It was not pure fiction." *Id.* at 337, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. Thus, the Court refused to hold that the activities of the subsidiary could be imputed to the parent for the purpose of showing that the parent was amenable to the personal jurisdiction of the forum. The *Hargrave* Court explained the significance of the Supreme Court case stating that it stood "for the proposition that so long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Hargrave,* 710 F.2d at 1160.

Vanguard Healthcare is a Tennessee limited liability company with its principal place of business in Brentwood, Tennessee. In an affidavit attached to its motion to dismiss, Kirk Hebert, Secretary/Treasurer of Vanguard Healthcare, states that Vanguard Healthcare does not itself own, operate, or manage any nursing homes. Moreover, Vanguard Healthcare does not do business, perform any character of work or provide services in the State of Mississippi, is not registered to do business and has not appointed an agent for service of process in Mississippi. Further, Vanguard Healthcare does not maintain an office in Mississippi and does not have any employees or agents in Mississippi.

Vanguard of Ashland is a wholly owned subsidiary of Vanguard Healthcare, LLC, and both entities are headquartered at Six Cadillac Drive, Suite 310, Brentwood Tennessee. Vanguard Healthcare did not cause the incorporation of Briarcrest. Vanguard of Ashland and Vanguard Healthcare do not have a common internal business department, although they do both contract out their business departments. The two corporations share common officers, including the President, Secretary/Treasurer, and Executive Vice President. However, Vanguard Healthcare avers that the two are separate companies, "each observ[e] appropriate formalities, with separate financial books and records." Vanguard of Ashland is not managed by Vanguard Healthcare; the corporate officers and governors of Vanguard of Ashland act independently from the parent company; and Vanguard Healthcare does not pay the salaries, health insurance, or retirement benefits of the employees working at the Briarcrest Extended Care. Further, Vanguard of Ashland does not place its revenues into a bank account controlled by Vanguard Healthcare, nor does it commingle funds between the two companies. The companies generate separate financial statements. Vanguard of Ashland filed a state tax return in Mississippi, but Vanguard Healthcare filed a consolidated federal tax return that includes Vanguard of Ashland.

The Fifth Circuit has noted that 100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between the two corporations. *Walker,* 583 F.2d at 167; *Turner,* 353 F.2d at 956. Moreover, "[g]enerally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes." *Hargrave,* 710 F.2d at 1160.

**\*4** In *Hargrave,* the parent corporation owned 100% of the stock of the subsidiary, and the two companies maintained separate headquarters, and shared no common directors. The court noted that corporate formalities were scrupulously observed in that the two companies maintained separate bank accounts, accounting and payroll systems, insurance contracts, budgets, and financial records, filed separate tax returns, and did not commingle any funds. The Court further found that the subsidiary managed the day-to-day business and operational decisions; however, the parent company had complete authority over general policy decisions such as selection of product lines, hiring and firing, approval of capital investments, and raw materials used. With all these facts, the Court held that the Plaintiff failed to demonstrate that the parent possessed and exercised the nature and degree of control over the subsidiary necessary for purposes of the long-arm statute.

The Fifth Circuit revisited this issue in *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir.1990). After reviewing the *Hargrave* factors outlined above, the Court noted in *Dalton* that several factors pointed to the parent as the alter ego of its subsidiary: the parent owned 100% of the subsidiary and remained responsible for general policy; the subsidiaries funneled

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4371371 (N.D.Miss.)
**(Cite as: 2008 WL 4371371 (N.D.Miss.))**

their revenues into a centralized bank account and filed a consolidated federal tax return with the parent; and the parent offered benefit plans to the subsidiaries' employees. *Dalton,* 897 F.2d at 1363. However, the Court found that "[n]onetheless, these factors are outweighed, albeit modestly, by the fact that [the parent] observes corporate formalities, makes its subsidiaries responsible for daily operations including all personnel decision, and allows each subsidiary to keep its records and accounts in separate books and file its own state tax return." *Id.* Thus, the Fifth Circuit found no basis on which to conclude that the parent purposefully availed itself of contacts of a quality or nature that would support subjecting them to the jurisdiction of the forum state.

Here, Vanguard of Ashland is a wholly owned subsidiary of Vanguard Healthcare. However, the companies have meticulously observed corporate formalities in that they have not commingled funds, pooled insurance coverage, shared financial books and records, or bank accounts. Vanguard of Ashland governs independently its own daily activities and general operating policies. Moreover, Kirk Hebert averred by affidavit that Vanguard Healthcare does not pay any of Briarcrest's expenses or losses; Briarcrest pays all of its own operating expenses, and Vanguard Healthcare has not made any loans to Briarcrest.

Based on the Fifth Circuit and Supreme Court case law, this Court finds that Plaintiffs here have failed to meet that prima facie burden of establishing sufficient domination by the parent company over the subsidiary to obtain personal jurisdiction over the parent. Vanguard Healthcare does not exert such dominance over Vanguard of Ashland to impute any torts of the subsidiary to the parent company. As such, this Court cannot exercise personal jurisdiction over Vanguard Healthcare, and it must be dismissed as a party defendant.

**\*5** Because the Plaintiff has not met her burden in establishing that personal jurisdiction is proper upon Vanguard Healthcare under Mississippi's long arm statute, it is unnecessary to discuss whether the exercise of personal jurisdiction would meet the due process element of the prima facie case of personal jurisdiction.

*Conclusion*

For the reasons discussed above, the Court concludes that Defendant Vanguard Healthcare, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [32] should be granted. Therefore, the Plaintiff's claims against Vanguard Healthcare should be dismissed.

SO ORDERED.

N.D.Miss.,2008.
Samples v. Vanguard Healthcare, LLC
Not Reported in F.Supp.2d, 2008 WL 4371371 (N.D.Miss.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Date of Printing: May 05, 2010

## KEYCITE

**Samples v. Vanguard Healthcare, LLC, 2008 WL 4371371 (N.D.Miss.,Sep 18, 2008) (NO. CIV.A. 3:07-CV-157SA)**

### History

#### Direct History

=>  1 **Samples v. Vanguard Healthcare, LLC,** 2008 WL 4371371 (N.D.Miss. Sep 18, 2008) (NO. CIV.A. 3:07-CV-157SA)

### Court Documents

#### Trial Court Documents (U.S.A.)

**N.D.Miss. Trial Pleadings**

 2 Janet M. SAMPLES, Individually, and on Behalf of the Wrongful Death Heirs of Izma E. McDonald and on Behalf of the Beneficiaries of the Estate of Izma E. McDonald, Plaintiff, v. VANGUARD HEALTHCARE, LLC, Vanguard of Ashland d/b/a Briarcrest Extended Care, John Does A-Z, Unidentified Entities A-Z, De, 2008 WL 1802691 (Trial Pleading) (N.D.Miss. Feb. 7, 2008) **Second Amended Complaint Jury Trial Requested** (NO. 307-CV-00157-SA-SAA)

 3 Janet M. SAMPLES, Individually, and On Behalf of the Wrongful Death Heirs of Izma E. Mcdonald and On Behalf of the Beneficiaries of the Estate of Izma E. McDonald, plaintiff, v. VANGUARD HEALTHCARE, LLC, Vanguard of Ashland, d/b/a Briarcrest Extended Care, Vanguard Heathcare Management Services, LLC, 2008 WL 2689891 (Trial Pleading) (N.D.Miss. Apr. 14, 2008) **Third Amended Complaint** (NO. 307CV00157)

**N.D.Miss. Expert Testimony**

 4 SAMPLES, v. VANGUARD HEALTHCARE, LLC et al., 2008 WL 7588806 (Expert Report and Affidavit) (N.D.Miss. May 7, 2008) **(Report or Affidavit of Lou Ann Alexander, R.N.C., C.L.N.C., S.A.N.E.)** (NO. 07CV00157)

 5 SAMPLES, v. VANGUARD HEALTHCARE, LLC et al., 2008 WL 6096416 (Expert Report and Affidavit) (N.D.Miss. Aug. 22, 2008) **(Report or Affidavit of Charles A. Cefalu, M.D., M.S.)** (NO. 07CV00157)

**N.D.Miss. Trial Motions, Memoranda And Affidavits**

© 2010 Thomson Reuters. All rights reserved.

6 Janet M. SAMPLES, Individually, and on Behalf of the Wrongful Death Heirs of Izma E. Mcdonald and on Behalf of the Beneficiaries of the Estate of Izma E. Mcdonald, Plaintiff, v. VANGUARD HEALTHCARE, LLC; Vanguard of Ashland d/b/a Briarcrest Extended Care, John Does A-Z; Unidentified Entities A-Z, De, 2008 WL 2689890 (Trial Motion, Memorandum and Affidavit) (N.D.Miss. Feb. 25, 2008) **Memorandum of Law in Support of Defendant Vanguard Healthcare, LLC's Motion to Dismiss** (NO. 307CV00157)

7 Janet M. SAMPLES, Individually, and On Behalf of the Wrongful Death Heirs of Izma E. McDonald and On Behalf of the Beneficiaries of the Estate of Izma E. McDonald, Plaintiff, v. VANGUARD HEALTHCARE, LLC, Vanguard of Ashland, d/b/a Briarcrest Extended Care, Vanguard Healthcare Management Services, LL, 2008 WL 2908438 (Trial Motion, Memorandum and Affidavit) (N.D.Miss. Jun. 25, 2008) **Plaintiff's Memorandum In Support of Response In Opposition to Defendant Vanguard Healthcare, Llc's Motion to Dismiss** (NO. 307CV00157)

8 Janet M. SAMPLES, Individually, and on Behalf of Wrongful Death Heirs of Izma E. Mcdonald and on Behalf of the Beneficiaries of the Estate of Izma E. Mcdonald, Plaintiff, v. VANGUARD HEALTHCARE, LLC; Vanguard of Ashland d/b/a Briarcrest Extended Care, John Does A-Z; Unidentified Entities A-Z, Defend, 2008 WL 2908439 (Trial Motion, Memorandum and Affidavit) (N.D.Miss. Jul. 7, 2008) **Rebuttal Brief In Support of Defendant Vanguard Healthcare, Llc's Motion to Dismiss** (NO. 307CV00157)

**N.D.Miss.**

9 Lou Ann Alexander, R.N.C., C.L.N.C., curriculum vitae filed in Samples v. Vanguard Healthcare, LLC et al, 2008 WL 6929882 (Court-filed Expert Resume) (N.D.Miss. Aug. 7, 2008) **Expert Resume of Lou Ann Alexander** (NO. 07CV00157)

10 Charles A. Cefalu, M.D., M.S., curriculum vitae filed in Samples v. Vanguard Healthcare, LLC et al, 2008 WL 6929883 (Court-filed Expert Resume) (N.D.Miss. Aug. 7, 2008) **Expert Resume of Charles A. Cefalu, M.D., M.S.** (NO. 07CV00157)

### Dockets (U.S.A.)

**N.D.Miss.**

11 SAMPLES v. VANGUARD HEALTHCARE, LLC ET AL, NO. 3:07cv00157 (Docket) (N.D.Miss. Dec. 3, 2007)

### Expert Court Documents (U.S.A.)

**N.D.Miss. Expert Testimony**

12 SAMPLES, v. VANGUARD HEALTHCARE, LLC et al., 2008 WL 7588806 (Expert Report and Affidavit) (N.D.Miss. May 7, 2008) **(Report or Affidavit of Lou Ann Alexander, R.N.C., C.L.N.C., S.A.N.E.)** (NO. 07CV00157)

13 SAMPLES, v. VANGUARD HEALTHCARE, LLC et al., 2008 WL 6096416 (Expert Report and Affidavit) (N.D.Miss. Aug. 22, 2008) **(Report or Affidavit of Charles A. Cefalu, M.D., M.S.)**

© 2010 Thomson Reuters. All rights reserved.

(NO. 07CV00157)

**N.D.Miss.**

14 Lou Ann Alexander, R.N.C., C.L.N.C., curriculum vitae filed in Samples v. Vanguard Healthcare, LLC et al, 2008 WL 6929882 (Court-filed Expert Resume) (N.D.Miss. Aug. 7, 2008) **Expert Resume of Lou Ann Alexander** (NO. 07CV00157)

15 Charles A. Cefalu, M.D., M.S., curriculum vitae filed in Samples v. Vanguard Healthcare, LLC et al, 2008 WL 6929883 (Court-filed Expert Resume) (N.D.Miss. Aug. 7, 2008) **Expert Resume of Charles A. Cefalu, M.D., M.S.** (NO. 07CV00157)

© 2010 Thomson Reuters. All rights reserved.