Westlaw

Page 1

Slip Copy, 2010 WL 753342 (D.S.C.)
**(Cite as: 2010 WL 753342 (D.S.C.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
D. South Carolina,
Columbia Division.
Phyllis Gather MONTAGUE, on behalf of herself and all others similarly situated, Plaintiff,
v.
DIXIE NATIONAL LIFE INSURANCE COMPANY; National Foundation Life Insurance Company; Ushealth Group, Inc.; and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of Insurance, Defendants.
**C/A No. 3:09-687-JFA.**

Feb. 26, 2010.

Graham Lee Newman, Richard A. Harpootlian, Richard A. Harpootlian PA, Tobias Gavin Ward, Jr., Todd and Barber, Columbia, SC, for Plaintiff.

Joseph Calhoun Watson, Sowell Gray Stepp and Laffitte, David E. Belton, Jeffrey A. Jacobs, SC Department of Insurance, Columbia, SC, Charles Allen Foster, Kevin Edward Stern, Greenberg Traurig, Washington, DC, for Defendants.

**ORDER**

JOSEPH F. ANDERSON, JR., District Judge.

**\*1** This matter comes before the court on the motion to dismiss [dkt. # 10] of defendant Scott H. Richardson ("Richardson"); the motion to dismiss [dkt. # 21] of defendant USHealth Group, Inc ("USHealth"); and the motion of defendants USHealth, National Foundation Life Insurance Company ("National"), and Dixie National Life Insurance Company ("Dixie") to stay [dkt. # 23]. The motions have been fully briefed, and the court finds that oral argument would not aid in the decisional process. This order serves to announce the ruling of the court.

I. *Factual and Procedural Background*

This suit is a follow-on suit from *Ward v. Dixie Nat'l Life Ins. Co.,* 2007 WL 4293319 (4th Cir.2007) (unpublished) ("Ward I"). As in Ward I, the plaintiff, here Phyllis Gather Montague ("Montague"), alleges that defendants National and Dixie breached the terms of her supplemental insurance policy by not paying "actual charges." Here, however, Montague also seeks to hold USHealth, National's parent company, liable for National's alleged breach of contract through piercing its corporate veil. Specifically, Montague asserts, based on its information and belief, that USHealth, as sole shareholder of National, has failed to observe corporate formalities, exercised total dominion and control over National, siphoned off assets, and exists as a mere facade for the operations of USHealth. (Compl.¶¶ 32-35.) USHealth moves to dismiss all claims against USHealth pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6).

Richardson's involvement in this action stems from his August 28, 2008 promulgation in his official capacity of a bulletin entitled "Compliance With S.C.Code Ann. § 38-71-242." Montague alleges that Richardson and his staff worked closely with National and Dixie "to develop a strategy through which § 38-71-242 would be used both to thwart payment of damages incurred by the Plaintiff class in the [Ward I] litigation and to enable [National and Dixie] to have a pretext upon which to avoid paying future 'actual charges' benefits to class members." (Compl.¶ 27.) Specifically, Montague asserts that "[a]ttorneys representing [National and Dixie] drafted a proposed insurance bulletin for Director Richardson's signature," which he then issued, with minor changes, as Bulletin 2008-15 on August 28, 2008. (*Id.* ¶¶ 28, 30.) Montague contends that National, on or about October 13, 2008, issued a notice to its specified disease policy holders, the putative class in this case, indicating that it would decline to pay benefits "based on the amounts billed to insured by their medical providers" in reliance on the guidance in Bulletin 2008-15. (*Id.* ¶ 31.) Richardson now moves to dismiss Montague's request for declaratory and injunctive relief pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b) (6).

II. *Discussion*

A. Standard of Review

Under the Fed.R.Civ.P. 8(a)(2), a pleading must con-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 753342 (D.S.C.)
**(Cite as: 2010 WL 753342 (D.S.C.))**

tain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Recent Supreme Court caselaw has interpreted this rule to require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct at 1949. Recitals of the elements of a cause of action bolstered only by conclusory statements will fail to insulate a pleader from a motion to dismiss. *Id.*

**\*2** Pursuant to *Iqbal* and *Twombly,* this court must undertake a two-prong approach in determining the sufficiency of plaintiff's complaint. First, bearing in mind that a court must accept as true all factual allegations in the complaint, this court must segregate allegations that are factually supported and those which are mere legal conclusions and not entitled to a presumption of truth. *Iqbal,* 129 S.Ct. at 1950. Second, this court must determine whether the remaining factual allegations in the complaint state a plausible claim for relief, based on "judicial experience and common sense." *Id.*

B. Montague Seeks to Pierce USHealth's Corporate Veil

USHealth moves to dismiss Montague's claim requesting the court to pierce its corporate veil. However, the parties sharply disagree over the applicable law. USHealth argues that Texas law applies, while Montague contends that federal common law supplies the appropriate standard.

In order to determine whether federal law applies to the instant veil piecing claim, the court must determine whether "federal interests are sufficiently implicated to warrant the protection of federal law." *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 727, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). This is often the case where government rights "arise from and bear heavily upon a federal program" enacted "in the exercise of a constitutional function or power." *Id.*

The case at bar involves neither a government program, a federal statute, an assertion of government rights, nor the exercise of a constitutional function by the federal government. Accordingly, the court finds the authority cited in Montague's brief inapposite to the facts as pled. Also, while issues in this case may well turn on this court's, as well as the Fourth Circuit's, interpretation of the contracts clause, the rights sought to be vindicated in this case by Montague, at bottom, arise under South Carolina contract law.

As the court is unpersuaded to apply federal veil piercing law, the court will apply the law of Texas, the state of USHealth's incorporation. *See In re Cambridge Biotech Corp.,* 186 F.3d 1356, 1376 n. 11 (Fed.Cir.1999) ("When a court considers disregarding the corporate entity, i.e., 'piercing the corporate veil,' the court applies the law of the state of incorporation."); *see also CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69, 89, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987 ("No principle of corporation law and practice is more firmly established than a State's authority to regulate domestic corporations ...."); *Resolution Trust Corp. v. Latham & Watkins,* 909 F.Supp. 923, 935 (S.D.N.Y.1995) (application of the law of the state of incorporation is the well-settled choice of law rule); Janet C. Alexander, *Unlimited Shareholder Liability Through a Procedural Lens,* 106 Harv. L.Rev. 387, 411 (1992) (discussing limited liability as a creation of state corporation law and the application of the internal affairs doctrine to veil-piercing jurisprudence). Texas provides a statute directly on point. Tex. Bus. Orgs.Code. Ann. §§ 21.223-225 (Vernon 2007). Section 21.223 bars any suit proceeding on an alter ago theory, allowing an individual shareholder to be held liable only where the plaintiff establishes actual fraud for personal benefit on the part of that specific shareholder. *Id.* § 21.223(b).

**\*3** The court has reviewed Montague's complaint, finds no mention of fraud or facts supporting an inference of fraud therein, and hereby dismisses Montague's claim against USHealth. Moreover, no matter whether federal common law or South Carolina law apply, the result would be the same. The court finds that Montague's claims constitute a formulaic recitation of legal elements or conclusions bereft of facts that would allow the court to conclude that the complaint plausibly states a claim for relief under any conceivably applicable law. However, because Rule

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 753342 (D.S.C.)
**(Cite as: 2010 WL 753342 (D.S.C.))**

15 requires the court to grant leave to amend when justice so requires, and because *Iqbal* was decided well after the complaint was filed, the court's dismissal of this claim shall be without prejudice.

C. Declaratory and Injunctive Relief against Richardson

Montague seeks a declaratory judgment to determine whether "Bulletin 2008-15 exceeds the scope of authority of [Richardson], violates the constitutions of the United States and state of South Carolina, and/or is inconsistent with the plain language of S.C.Code Ann. § 38-71-242," and prays for injunctive relief. (Compl.¶ 40, 43.) Montague contends that Richardson's issuance of Bulletin 2008-15 is an ultra vires action for the following reasons: (1) lack of statutory or constitutional authority; (2) violation of the Contracts Clause of the United States Constitution; (3) violation of the Contracts Clause of the South Carolina Constitution; and (4) lack of consistency with the plain language and legislative intent of S.C.Code Ann. § 38-71-242. (*Id.* ¶ 44.) Richardson moves to dismiss the declaratory judgment and accompanying request for injunction pursuant to Rule 12(b)(6).

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts have the discretion to decide whether to hear a declaratory judgment action "[i]n a case of actual controversy" in order to "declare the rights and legal relations of any interested party." 28 U.S.C. § 2201. Two requirements must be met in order for a federal court to have jurisdiction over a declaratory judgment action. *White v. Nat'l Union Fire Ins. Co.,* 913 F.2d 165, 167 (4th Cir.1990). First, the dispute must be a case or controversy within the meaning of Article III of the United States Constitution. Second, the court must exercise its discretion to decide whether the judgment will serve a useful purpose in clarifying the legal relations in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Id.* In determining whether a case or controversy exists, the court must consider whether the dispute "is definite and concrete, touching the legal relations of parties having adverse interests." *Id.* at 169.

Bulletin 2008-15 was promulgated, ostensibly, pursuant to the power of Richardson, in his official capacity, to regulate the insurance industry in South Carolina and apprise the industry of any relevant changes in the law. Assuming, without deciding, that Richardson has the power to issue such a bulletin, the court must determine whether the bulletin has the ability to affect the rights and legal relations of the parties.

**\*4** The South Carolina Administrative Procedures Act (the "APA"), S . C.Code Ann. § 1-23-10(4) (2005), generally governs whether actions taken by state agencies carry the force of law. The APA specifies that "policy or guidance issued by an agency" do not have the force of law while "regulations" do. *Id. Gadson v. Mikasa Corp.,* 368 S.C. 214, 628 S.E.2d 262, 269 (S.C.App.2006) ("Regulations authorized by the legislature have the force of law."). A regulation comprises "each agency statement of general public applicability that implements or prescribes law or policy or practice requirements of any agency." *Id.* South Carolina requires the following to enact a regulation:

> In order to promulgate a regulation, the APA generally requires a state agency to give notice of a drafting period during which public comments are accepted on a proposed regulation; conduct a public hearing on the proposed regulation overseen by an administrative law judge or an agency's governing board; possibly prepare reports about the regulation's impact on the economy, environment, and public health; and submit the regulation to the Legislature for review, modification, and approval or rejection.

*Sloan v. S.C. Bd. of Physical Therapy Exam'rs,* 370 S.C. 452, 636 S.E.2d 598, 609 (S.C.2006). South Carolina Supreme Court has explicitly found that "[a]n Interpretive Bulletin is not binding on the courts" and do not have the force of law *Garris v. Cincinnati Ins. Co.,* 280 S.C. 149, 311 S.E.2d 723, 726 (S.C.1984) (superceded by statute on other grounds).

No indication appears in Montague's complaint or in her response to Richardson's motion to dismiss that the above procedure was followed in the creation and issuance of Bulletin 2008-15. Instead, Bulletin 2008-15 appears to be a mere statement of policy guidance; lacking force of law and expressly contemplated in S.C.Code Ann. § 1-23-10(4). No facts in the complaint allow the court to infer that the procedures set forth in the APA preceded the issuance of Bulletin

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 753342 (D.S.C.)
**(Cite as: 2010 WL 753342 (D.S.C.))**

2008-15 nor does Montague direct the court to an express grant of authority from the legislature to issue the bulletin. In the absence of facts pled to establish that Bulletin 2008-15 carries the force of law, the court finds that it cannot affect the legal relationship between any of the parties to this case. Because Bulletin 2008-15 cannot affect legal rights, this court finds that it does not constitute a case or controversy for the purposes of Article III and dismisses all claims against Richardson for want of jurisdiction. *See Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) ("[C]oncrete legal issues, presented in actual cases, not abstractions, are requisite. This is as true of declaratory judgments as any other field.").

D. Motion to Stay

USHealth, National, and Dixie jointly moved [dkt. # 23] this court to stay all proceedings pending the outcome of *Ward v. Dixie Nat'l Life Ins. Co.,* ---F.3d ----, 2010 WL 432179 (4th Cir.2010) (Ward II). That case now been decided and the court finds the motion to stay moot.

III. *Conclusion*

**\*5** For the foregoing reasons, USHealth's motion to dismiss is granted without prejudice with leave to amend [dkt. # 21]; Richardson's motion to dismiss is granted without prejudice for want of jurisdiction [dkt. # 10]; and USHealth, National, and Dixie's motion to stay is moot [dkt. # 23].

IT IS SO ORDERED.

D.S.C.,2010.
Montague v. Dixie Nat. Life Ins. Co.
Slip Copy, 2010 WL 753342 (D.S.C.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Date of Printing: Jun 22, 2010

## KEYCITE

**Montague v. Dixie Nat. Life Ins. Co., 2010 WL 753342 (D.S.C.,Feb 26, 2010) (NO. C/A 3:09-687-JFA)**

History

Direct History

=> 1 **Montague v. Dixie Nat. Life Ins. Co.,** 2010 WL 753342 (D.S.C. Feb 26, 2010) (NO. C/A 3:09-687-JFA)

Related References

2 Montague v. Dixie Nat. Life Ins. Co., 2010 WL 2428805 (D.S.C. Jun 11, 2010) (NO. C/A 3:09-687-JFA)

Court Documents

Trial Court Documents (U.S.A.)

**D.S.C. Trial Motions, Memoranda And Affidavits**

3 Phyllis Gaither MONTAGUE, on behalf of herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc., and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of I, 2009 WL 2043248 (Trial Motion, Memorandum and Affidavit) (D.S.C. Mar. 20, 2009) **Memorandum in Support of Motion to Dismiss** (NO. 309-CV-00687-JFA)

4 Phyllis Gaither MONTAGUE, on behalf of Herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc. and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of In, 2009 WL 2043249 (Trial Motion, Memorandum and Affidavit) (D.S.C. Mar. 25, 2009) **Defendant USHealth Group, Inc.'s Memorandum in Support of Motion to Dismiss Complaint** (NO. 309-00687-JFA)

5 Phyllis Gaither MONTAGUE, on behalf of Herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc. and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of In, 2009 WL 2043250 (Trial Motion, Memorandum and Affidavit) (D.S.C. Mar. 25, 2009) **Defendants National Foundation Life Insurance Company and Dixie National Life Insurance Company's Memorandum in Support of Motion to Dismiss Plaintiff's Breach of Contract Accompanied by Fraudulent Ac** (NO. 309-00687-JFA)

© 2010 Thomson Reuters. All rights reserved.

6 Phyllis Gaither MONTAGUE, on behalf of herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc., and Scott H. Richardson, in his official capacity As Director of the South Carolina Department of I, 2009 WL 2043251 (Trial Motion, Memorandum and Affidavit) (D.S.C. Apr. 20, 2009) **Memorandum in Opposition to Defendant Scott H. Richardson's Motion to Dismiss** (NO. 309-CV-687-JFA)

7 Phyllis Gaither MONTAGUE, on behalf of herself and all others, similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance, Company, USHealth Group, Inc., and, Scott H. Richardson, in his official capacity, As Director of the South Carolina, Department, 2009 WL 2043252 (Trial Motion, Memorandum and Affidavit) (D.S.C. Apr. 20, 2009) **Memorandum in Opposition to Motion to Dismiss of Defendants Dixie National Life Insurance Company and National Foundation Life Insurance Company** (NO. 309-CV-687-JFA)

8 Phyllis Gaither MONTAGUE, on behalf of herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc., and Scott H. Richardson, in his official capacity As Director of the South Carolina Department of I, 2009 WL 2816717 (Trial Motion, Memorandum and Affidavit) (D.S.C. Apr. 27, 2009) **Memorandum in Opposition to Defendant USHealth Group Inc.'s Motion to Dismiss** (NO. 309-CV-687-JFA)

9 Phyllis Gaither MONTAGUE, on behalf of herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc., and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of I, 2009 WL 2816718 (Trial Motion, Memorandum and Affidavit) (D.S.C. Apr. 29, 2009) **Defendant Scott Richardson's Memorandum in Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss** (NO. 309-CV-00687-JFA)

10 Phyllis Gaither MONTAGUE, on behalf of Herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHealth Group, Inc. and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of In, 2009 WL 2816719 (Trial Motion, Memorandum and Affidavit) (D.S.C. Apr. 30, 2009) **Defendants National Foundation Life Insurance Company and Dixie National Life Insurance Company's Reply to Plaintiff's Opposition to Motion to Dismiss Breach of Contract Accompanied by Fraudulent Act** (NO. 309-00687-JFA)

11 Phyllis Gaither MONTAGUE, on behalf of Herself and all others similarly situated, Plaintiff, v. DIXIE NATIONAL LIFE INSURANCE COMPANY, National Foundation Life Insurance Company, USHEALTH Group, Inc. and Scott H. Richardson, in his official capacity as Director of the South Carolina Department of In, 2009 WL 2816720 (Trial Motion, Memorandum and Affidavit) (D.S.C. May 7, 2009) **Defendant USHEALTH Group, Inc.'s Reply to Plaintiff's Opposition to Motion to Dismiss Complaint** (NO. 309-00687-JFA)

**Dockets (U.S.A.)**

**D.S.C.**

12 MONTAGUE v. DIXIE NATIONAL LIFE INSURANCE COMPANY ET AL, NO. 3:09cv00687 (Docket) (D.S.C. Mar. 18, 2009)

© 2010 Thomson Reuters. All rights reserved.