Westlaw

Page 1

Not Reported in F.Supp.2d, 2004 WL 953869 (E.D.Pa.)
**(Cite as: 2004 WL 953869 (E.D.Pa.))**

▶Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Barbara Jean YOUNG, Executrix of the Estate of
Evelyn Ruth Middlekauff
v.
MANOR CARE HEALTH SERVICES, INC. et al.
**No. Civ.A. 03-6864.**

April 20, 2004.

William T. Lawson, III, Philadelphia, PA, for Plaintiff.

Marshall L. Schwartz, Stephanie M. Allison, O'Brien & Ryan LLP, Plymouth Meeting, PA, for Defendants.

*ORDER*

DALZELL, J.

**\*1** AND NOW, this 20th day of April, 2004, upon consideration of defendants Manor Care Health Services, Inc., Manor Care of America, Inc., Manor Care Properties, Inc., Manor Care of Delaware County, Inc., and Health Care and Retirement Corporation of America, Inc.'s ("Manor Care") motion to dismiss (docket entry # 10) and plaintiff Barbara Jean Young's response thereto, and the Court finding that:

(a) Plaintiff Barbara Jean Young is the executrix of the estate of Evelyn Ruth Middlekauff, her mother;

(b) According to the amended complaint in this diversity action,[FN1] Mrs. Middlekauff suffered from Alzheimer's Disease and was admitted to Manor Care's facility in Dallastown, Pennsylvania, on October 20, 1999;

> FN1. According to the amended complaint, Young is a citizen of Pennsylvania, and the defendants are all Delaware corporations with principal places of business in states other than Pennsylvania.

(c) The complaint alleges that Mrs. Middlekauff was subjected to a sexual assault in March of 2002, and it asserts a variety of tort claims against Manor Care;

(d) In the motion now before us, Manor Care seeks dismissal of several claims pursuant to Fed.R.Civ.P. 12(b)(6), and we examine each of its contentions in turn;[FN2]

> FN2. In resolving a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), we look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1251, 1261 (3d Cir.1994). We accept as true all factual allegations in the complaint, and we draw all reasonable inferences therefrom in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir.2001). Although we need not accept as true "unsupported conclusions and unwarranted inferences," we must deem the complaint to have alleged sufficient facts if it adequately provides the defendants with notice of the essential elements of the plaintiff's claims. *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir.2000); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.,* 113 F.3d 405, 417 (3d Cir.1997). We may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

(e) First, Manor Care seeks dismissal of Young's corporate negligence claims;

(f) In *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703, 707-08 (Pa.1991), the Pennsylvania Supreme Court held that "the corporate hospital's role in the total health care of its patients" justified the imposition of a non-delegable duty of care [FN3] that the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 953869 (E.D.Pa.)
**(Cite as: 2004 WL 953869 (E.D.Pa.))**

hospital owes directly to its patients;

> FN3. According to the Court, the duty has four elements: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for patients. Thompson, 591 A.2d at 707.

(g) More recently, the Pennsylvania Superior Court has held that the doctrine of corporate liability extends to health maintenance organizations because, like hospitals, they play a central role in the total health care of their subscribers, Shannon v. McNulty, 718 A.2d 828, 835-36 (Pa.Super.1998);

(h) Although no appellate court in Pennsylvania has extended corporate liability to nursing homes, we agree with Young that, for the purposes of Rule 12(b)(6), it is conceivable that the Dallastown facility took responsibility for Mrs. Middlekauff's "total health care" and thus would come within the ambit of the corporate negligence doctrine,FN4 accord Aptekman v. City of Philadelphia, No. 01-4963, 2001 WL 1486350, at *3 (E.D.Pa. Nov.21, 2001) (Newcomer, S.J.);

> FN4. In support of its argument that the corporate negligence doctrine does not extend to nursing homes, Manor Care has cited the unpublished opinion in *Butts v. Manor Care, Inc.,* No.2000-2735 (Lehigh County, Jan. 25, 2001), but it neglected to attach a copy of the opinion to the motion.

(i) We therefore deny this aspect of the motion;

(j) Next, Manor Care argues that Young has failed to state a claim in Count II because a private cause of action is not available under any of the statutes and regulations she references in this count;

(k) Young has responded that Count II does not assert private causes of action but instead states a claim for negligence *per se;*

(1) Under Pennsylvania law, a statute may be the basis for a negligence *per se* claim "when it is clear that, despite the absence of a private right of action, the policy of the statute will be furthered by such a claim because its purpose is to protect a particular group of individuals", McCain v. Beverly Health and Rehabilitation Services, Inc., No. 02-657, 2002 WL 1565526, at *1 (E.D.Pa. July 15, 2002) (Ludwig, J.);

**\*2** (m) In view of this jurisprudence, the viability of Count II hinges on an analysis of each statute and regulation;

(n) Because Manor Care apparently did not understand that Young is asserting claims for negligence *per se* and accordingly did not engage in the necessary analysis, we deny this aspect of the motion without prejudice to its reassertion in a more comprehensively briefed motion for summary judgment;

(o) Next, Manor Care seeks to "dismiss" allegations in the amended complaint relating to its conduct after the alleged sexual assault; FN5

> FN5. The amended complaint alleges that Manor Care failed to notify Mrs. Middlekauff's family promptly, document the injury, conduct a full investigation of the incident, preserve evidence, cooperate with the authorities, or implement remedial measures.

(p) We construe this portion of the motion not as a motion to dismiss but instead as a motion to strike under Fed.R.Civ.P. 12(f);

(q) Motions to strike are "not favored [and] usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties", 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1382;

(r) Here, the factual allegations about Manor Care's response to the alleged assault are highly material to this litigation because, as Young has noted in response to the motion, evidence on this issue may be admissible and conceivably could result in sanctions for spoliation of evidence, *see* Schmid v. Milwaukee Electric Tool Corp., 13 F.3d 76, 78 (3d Cir.1994);

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 953869 (E.D.Pa.)
**(Cite as: 2004 WL 953869 (E.D.Pa.))**

Schroder v. Comm. Dept. of Transp., 551 Pa. 243, 710 A.2d 23, 26-28 (Pa.1998);

(s) We therefore deny this aspect of the motion without prejudice to an appropriate motion in limine at the time of trial;

(t) Finally, Manor Care seeks dismissal of Count V, which largely rehearses the allegations in Counts I-IV but alleges that Manor Care acted recklessly or intentionally;

(u) Under Pennsylvania law, punitive damages are available against a health care provider who acts with "willful or wanton conduct or reckless indifference to the rights of others", 40 Pa. C .S. § 1301.812-A(a);

(v) Young's allegations in Count V satisfy this standard, and we therefore deny this aspect of the motion, *accord* McCain, 2002 WL 1565526, at *2;

It is hereby ORDERED that the motion is DENIED in accordance with the foregoing paragraphs.

E.D.Pa.,2004.
Young Estate of Middlekauff v. Manor Care Health Services, Inc.
Not Reported in F.Supp.2d, 2004 WL 953869 (E.D.Pa.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.