IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NATHANIEL SALLEY AND JOSEPH SALLEY, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF ANNIE SALLEY, | ) ) ) ) ) | Civ. No. 2:10-cv-00791 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| HEARTLAND-CHARLESTON OF HANAHAN, SC, LLC, D/B/A CENTER - CHARLESTON; HCR MANORCARE, INC.; MANOR CARE, INC.; MANOR CARE OF AMERICA, INC.; HCR MANORCARE MEDICAL SERVICES OF FLORIDA, LLC; THE CARYLE GROUP, | ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the court on plaintiffs' motion for reconsideration pursuant to Federal Rule of Civil Procedure 59 and 60 of this court's grant of summary judgment to defendants on plaintiffs' punitive damages and professional negligence claims. Plaintiffs filed this motion on August 8, 2011, less than 28 days from this court's July 12, 2011 order. For the reasons set forth below, the court denies plaintiffs' motion for reconsideration.

A motion filed under Rule 59(e) and 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 28 days after the entry of the adverse judgment and the moving party seeks to correct that judgment.[1] Rule 59(e) provides "three

---

[1] See Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 412 (4th Cir. 2010) ("We have squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment.") (decided under an earlier version of Rule 59(e) prior to the 2009 amendment). For

1

grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted). Plaintiffs have not argued that there has been an intervening change in controlling law or presented new evidence that was formerly unavailable for either the punitive damages or professional negligence claims, and the court finds that the first two potential grounds for amending its judgment are inapplicable. The only questions left before the court is whether it committed a clear error of law or its order will result in manifest injustice.

First, concerning plaintiffs' punitive damages claim, this court found that the evidence, viewed in the light most favorable to plaintiffs, did not demonstrate willful, wanton, or reckless disregard for plaintiffs' rights by defendants. Plaintiffs apparently agree that this is the correct standard, but incorrectly believe that this court required them to provide clear and convincing evidence of that standard. Plaintiffs misunderstand this court's order. This court, rather, found that plaintiffs did not

---

application of the 2009 amendments, see Jewel v. Activis Grp., No. 08-1105, 2010 WL 2671508, at *1 n.2 (S.D.W. Va. July 1, 2010).

proffer any evidence, viewed in the light most favorable to them, that demonstrated acts for which defendants could be held liable that were willful, wanton, or reckless as to plaintiffs' rights.  The application of this legal standard does not produce manifest injustice in this case.

Second, this court found that plaintiffs did not allege sufficient facts for a professional negligence claim because plaintiffs failed to provide evidence concerning the first of three requirements for a professional malpractice claim under South Carolina law.  South Carolina courts require an expert to testify to "the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendants' field . . . under the same or similar circumstances."  See David v. McLeod Reg. Med. Cntr., 626 S.E.2d 1, 4 (S.C. 2006).  While plaintiffs provided expert testimony that defendants breached the standard of care, they provided no expert testimony to establish the generally recognized and accepted practices and procedures that would have been followed by nursing homes in similar circumstances.  Plaintiffs have not argued that this element is optional, and the court finds no clear error of law in its earlier ruling.  Furthermore, the court finds no danger for manifest injustice.

For the foregoing reasons, the court **DENIES** plaintiffs' motion for reconsideration.

      **AND IT IS SO ORDERED**.

                                                       _____
                                                       **DAVID C. NORTON**
                                                       **CHIEF UNITED STATES DISTRICT JUDGE**

**October 18, 2011**
**Charleston, South Carolina**